Jeffrey A. Meyers (State Bar Number 175474)
Jeffrey A. Meyers, Attorney at Law
17221 E. 17th St. Suite F
Santa Ana, CA 92705
(714) 617-5868
jmeyers17law@yahoo.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## (Western Division – Los Angeles)

| | |
|---|---|
| ROBERT SANCHEZ,<br><br>      Plaintiff,<br><br>  vs.<br><br>SUBWAY RESTAURANT, a business entity; JULIUS & HANAN DIBSY CORPORATION, a California corporation; and PCH GUNDRY LLC, a California limited liability company,<br><br>      Defendants. | **Case No.:**<br><br>**VIOLATION OF AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 et seq.); VIOLATION OF UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code § 51 et seq.)** |

## INTRODUCTION

1.    This is an action for injunctive relief and damages pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Unruh Civil Rights Act, California Civil Code section 51 et seq.

## JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction over this action pursuant to 28 U.S. Code § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S. Code § 12101, et seq.

3.    This Court has supplemental jurisdiction over the Unruh Act claim pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Western Division of this District pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred in the City of Long Beach, County of Los Angeles, State of California, which lies within the jurisdiction of the Western Division of the Central District of California.

5.    Pursuant to pendent jurisdiction, an attendant and related cause of action arising from the same nucleus of transactions is also brought under California's Unruh Civil Rights Act and the California Disabled Persons Act, which expressly incorporate the Americans with Disabilities Act.

6.    Venue is proper in this court pursuant to 28 U.S. Code § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in the district. The property address is stated in Paragraph 11.

## PARTIES

7.    Plaintiff is a resident of the State of California and qualifies as a person with a disability as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1), and the Unruh Civil Rights Act, California Civil Code § 51 et seq.

8.    Plaintiff has physical impairments that substantially limit one or more major life activities, including walking, standing, and mobility. Plaintiff has significant weakness on the left side of his body due to residuals from a

prior stroke. He experiences severe pain in both knees as a result of bone-on-bone joint deterioration, and requires regular pain management injections.

9.    Plaintiff's mobility is further compromised by a spinal condition, including a slipped disc, which causes chronic back pain and limited range of motion. He uses a cane for ambulation and possesses a valid Disabled Person Parking Placard issued by the California Department of Motor Vehicles.

10.    Because of these impairments, Plaintiff requires access to facilities that provide properly designated accessible parking, including van-accessible spaces with appropriate signage, striping, and close proximity to building entrances. The absence of these accommodations causes Plaintiff significant difficulty, discomfort, and physical distress.

11.    Defendant SUBWAY RESTAURANT is a retail food business located at 1400 East Pacific Coast Highway, Long Beach, California 90806. Plaintiff is informed and believes, and thereon alleges, that Defendant SUBWAY RESTAURANT is responsible, in whole or in part, for the conditions giving rise to the ADA violations described below.

12.    Defendant JULIUS & HANAN DIBSY CORPORATION is a California corporation operating a SUBWAY restaurant franchise at the subject property located at 1400 East Pacific Coast Highway, Long Beach, California 90806. Plaintiff is informed and believes, and thereon alleges, that Defendant JULIUS & HANAN DIBSY CORPORATION is the owner, franchisee, operator, and/or manager of the SUBWAY business at the subject property, and is responsible for its day-to-day operations and compliance with applicable accessibility requirements..

13.    Defendant PCH GUNDRY, LLC is a limited liability company organized under the laws of the State of California. Plaintiff is informed and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES-ADA/UNRUH CIVIL RIGHTS ACT

believes, and thereon alleges, that PCH GUNDRY, LLC is the owner, lessor and/or property manager for the real property located at 1400 East Pacific Coast Highway, Long Beach, California 90806, and that it is responsible, in whole or in part, for the conditions giving rise to the ADA violations described below.

## FACTUAL ALLEGATIONS

14.    On or about March 25, 2025, Plaintiff visited the business operated at the subject property, located at 1400 East Pacific Coast Highway, Long Beach, California 90806, for the purpose of making a purchase. During this visit, Plaintiff encountered architectural barriers that denied him full and equal access, in violation of the Americans with Disabilities Act ("ADA"). Specifically, the facility failed to provide any properly designated accessible parking spaces, including van-accessible spaces. The existing parking area also lacked compliant signage and striping, and any markings that may have previously indicated accessible parking were severely faded, rendering them no longer visible or recognizable as accessible spaces.

15.    Plaintiff is informed and believes, and thereon alleges, that Defendants SUBWAY RESTAURANT, JULIUS & HANAN DIBSY CORPORATION, and PCH GUNDRY, LLC each had ownership, control, lease, management, and/or maintenance responsibilities over the subject property, and each had the legal duty and the practical ability to correct the aforementioned barriers to access. Despite that duty, Defendants failed to ensure the provision of accessible parking spaces and related features as required by the ADA.

16.    As a result of the inaccessibility of the parking area, Plaintiff experienced difficulty, discomfort, and embarrassment, and was deterred from full and equal access to the facility. These violations constitute

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES-ADA/UNRUH CIVIL RIGHTS ACT

ongoing barriers that continue to deny individuals with disabilities, including Plaintiff, access to the goods and services offered at the subject property.

## CLAIMS FOR RELIEF

(First through Second Causes of Action)

## FIRST CAUSE OF ACTION

**(Violation of the Americans with Disabilities Act - 42 U.S.C. § 12181 et seq.)**

17.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

18.    At all relevant times, Defendants were required to provide accessible facilities in compliance with the ADA, including accessible parking, signage, and access routes.

19.    By failing to provide accessible parking spaces, compliant signage, and properly maintained markings, Defendants violated the ADA. Each Defendant is responsible for these violations by virtue of their respective roles as franchisee, operator, owner, landlord, manager, and/or lessor of the subject property.

20.    These barriers are readily achievable to remove and have existed for a sufficient period of time such that Defendants had actual or constructive notice of their existence. Plaintiff seeks injunctive relief to require Defendants to make the property accessible and compliant with federal disability access standards.

## SECOND CAUSE OF ACTION

**(Violation of The Unruh Civil Rights Act - Cal. Civ. Code § 51 et seq.)**

21.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

22.    By violating the ADA, Defendants also violated California's Unruh Civil Rights Act, which independently requires full and equal access to places of public accommodation.

23.     As a result of Defendants' conduct, Plaintiff suffered difficulty, discomfort, and embarrassment, and is entitled to statutory damages and attorney's fees under the Unruh Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award the following relief:

1.     A permanent injunction requiring Defendants to remove all accessibility barriers at the subject facility and to bring the facility into full compliance with the Americans with Disabilities Act and applicable California access laws;

2.     Statutory damages as provided by the Unruh Civil Rights Act, California Civil Code section 52(a);

3.     Reasonable attorney's fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205 and California Civil Code section 52;

4.     Such other and further relief as the Court deems just and proper.

Dated:     May 22, 2025

Respectfully submitted,

_____

Jeffrey A. Meyers, Attorney at Law
Attorney for Plaintiff ROBERT SANCHEZ

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES-ADA/UNRUH CIVIL RIGHTS ACT